UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH KAFKA, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.                              Case No: 2:14-cv-197-FtM-38DNF

LIBERTY TRADING GROUP, INC.,
JAMES CORDIER, and MICHAEL
GROSS,

      Defendants.
_____/

**ORDER**[1]

      This matter is before the Court on review of the file. Plaintiff Joseph Kafta initiated this action against Defendants Liberty Trading Group, Inc., James Cordier, and Michael Gross on April 7, 2014. (Doc. #1). When Plaintiff did not file a return of service within 120 days of filing the Complaint, the Court directed Plaintiff to show cause why it should not dismiss the case for failure to serve in accordance with the Federal Rules of Civil Procedure. (Doc. #6). Plaintiff responded on September 8, 2014, stating it unsuccessfully attempted to serve the named Defendants and an employee of Defendant Liberty Trading Group, Inc. on several occasions. (Doc. #7 at ¶¶ 3-8; Doc. #7-1 at ¶¶ 2, 4-15). Sometime in August 2014, Plaintiff contacted an attorney who represented

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Defendant Liberty Trading, and the attorney agreed to accept service for Defendants Liberty Trading and James Cordier.  (Doc. #7 at ¶ 9; Doc. #13).  Plaintiff thus requested a sixty-day extension of time to serve Defendants.  The Court granted the request, giving Plaintiff up to and including November 10, 2014, to serve the Complaint.  (Doc. #9 at 2).

On November 7, 2014, Plaintiff notified the Court that the parties settled this case and requested thirty days to file a stipulation of dismissal.  (Doc. #11).  The Court granted Plaintiff's request.  (Doc. #12).

As of December 15, 2014, Plaintiff had not filed a stipulation of dismissal.  The Court again ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute.  (Doc. #16).  Plaintiff responded that the parties had not finalized their settlement but would file a stipulation of dismissal on or before December 31, 2014.  (Doc. #17).  To date, the parties have not filed a stipulation of dismissal.

The Middle District of Florida's Local Rules provides, "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any part or on its own motion, enter an order to show cause why the case may be dismissed by the Court for want of prosecution."  M.D. Fla. Local R. 3.10(a).  Here, Plaintiff has evidenced a lack of interest in prosecuting this case, as it has continued to advance this matter.  Since the Court has no confidence that another order directing Plaintiff to act will advance this matter, it dismisses this case without prejudice.

Accordingly, it is now

**ORDERED:**

(1) The above referenced case is **DISMISSED without prejudice**.

(2) The Clerk of Court is **DIRECTED** to enter judgment, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of January, 2015.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record